UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

                Plaintiff,

       -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; WARDEN, AUBURN
CORRECTIONAL FACILITY,

                Defendants.

20-CV-8788 (LLS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

       Plaintiff, currently incarcerated in Auburn Correctional Facility, brings this action *pro se*. Plaintiff submitted the complaint without the filing fees or a completed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, and a prisoner authorization. The Court assumes for the purpose of this order that Plaintiff seeks to proceed IFP. Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See* Order dated Jan. 7, 2019, entered in *Crichlow v. Fischer*, No. 15-CV-6252, and *Crichlow v. Crowley*, No. 15-CV-6587 (W.D.N.Y.) (listing strikes). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

       Plaintiff has filed this new action without paying the filing fees, and the Court therefore assumes that he is seeking IFP status. But Plaintiff's complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges a "pattern of discrimination

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

and retaliation from 2008 to 2020," in violation of the consent judgment in *Clarkson v. Goord*, No. 91-CV-1792 (CM) (S.D.N.Y. June 6, 1996), which governs accommodations for sensorially disabled prisoners in the custody of the New York State Department of Corrections and Community Supervision. (ECF No. 1 at 1.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

SO ORDERED.

Dated:   November 2, 2020
         New York, New York

                                             _____
                                             Louis L. Stanton
                                             U.S.D.J.

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).